1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12  T.Q.M. FOOD SERVICE, INC.,                    )   Civil No. 12cv1254-IEG(MDD)
                                                  )
13              Plaintiff,                        )   ORDER GRANTING EX PARTE
    v.                                            )   APPLICATION FOR TEMPORARY
14                                                )   RESTRAINING ORDER; SETTING
    SANTANAS GRILL, INC. and SANTANAS             )   BRIEFING SCHEDULE AND HEARING
15  CUISINE, INC, both California corporations    )   DATE
    doing business as FRESH MXN FOOD;             )
16  CLAUDIA VALLARTA, an individual;              )   [Doc. No. 5]
    FRESH MXN, LLC; HC RESTAURANT                 )
17  HOLDINGS, LLC; JPL MEXICAN                    )
    RESTAURANT HOLDINGS, LLC; FR                  )
18  RESTAURANT HOLDINGS, LLC; RPA                 )
    RESTAURANT HOLDINGS, LLC; ASB                 )
19  RESTAURANT HOLDINGS, LLC; ABAL                )
    719, LLC; and ABAL 1480, LLC, all            )
20  California Limited Liabilities Companies doing )
    business as FRESH MXN FOOD                    )
21                                                )
                Defendants.                       )
22  _____  )

23        This matter is before the court upon the Ex Parte Motion for Temporary Restraining Order

24  ("TRO"), filed by T.Q.M. Food Service, Inc. seeking enforcement of the statutory trust pursuant to

25  Section 5(c) of the Perishable Agriculture Commodities Act ("PACA"),[1] 7 U.S.C. § 499a *et seq.*

26

27        [1] A PACA trust exists for the benefit of all the debtor's unpaid produce suppliers. 7 U.S.C. §
    499e(c)(2). Congress recognized there is irreparable harm if PACA trust assets are dissipated because it
28  is almost impossible for a beneficiary to obtain recovery once there has been dissipation from the trust.
    *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir.1990) (citing legislative history); *Tanimura &*

1    The Plaintiff is not seeking to obtain proceeds at this time; rather it is seeking an order

2  restraining the transfer of any and all PACA assets of Defendants Santanas Grille, Inc., Santanas

3  Cuisine, Inc., and the 8 related LLCs, as well as the majority shareholder/officer Claudia Vallarta until

4  there is payment to the Plaintiff of $64,990.13 plus interest, attorney fees, and costs pending entry of a

5  Preliminary Injunction.  Plaintiff contends that notice of this TRO would cause further dissipation of the

6  PACA assets in advance of a court order.

7    Under Rule 65(b), a temporary restraining order[2] may be granted without notice to the adverse

8  party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that

9  immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in

10  opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.  Rule

11  65(b)'s requirements are "stringent," and temporary restraining orders that are granted ex parte are to be

12  "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable

13  harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v.*

14  *Brotherhood of Teamsters*, 415 U.S. 423, 43 8–39 (1974); *Reno Air Racing Ass'n v. McCord*, 452 F.3d

15  1126, 1130-1 (9th Cir.2006).

16    The Plaintiff's counsel, Mitch Wallis, and Plaintiff's Vice President and General Manager Peter

17  Battaglia, have submitted declarations in support of Plaintiff's ex parte application for a TRO. Based

18  upon the filings to date, it appears to the court that: (1) Plaintiff is a supplier or seller of wholesale

19  quantities of produce; (2) Plaintiff sold Defendants wholesale quantities of produce in the aggregate

20

21  *Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir.2000). A PACA trust is created upon receipt of produce by a "commission merchant, dealer, or broker" and is "for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the

22  sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2). The PACA trust is thus a defined *res* upon creation. *Sunkist Growers,*

23  *Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir.1997). Congress intended the trust to be a nonsegregated "floating trust." H.R. Rep. 98–543 (1983).

24

25  [2] The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997 F.Supp. 1309, 1313 (E.D.Cal.1996); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323

26  (N.D.Cal.1995). A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

27  (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Park*

28  *Village. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir.2011). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." *Park Village*, 636 F.3d at 1160.

1   amount of $64,990.13, which is past due and unpaid; (3) Plaintiff properly preserved its status as a trust

2   creditor of Defendants under PACA by sending invoices for the produce to Defendants that contain the

3   language required by 7 U.S.C. §499e(c)(4); (4) Defendants have engaged in transactions requiring the

4   establishment of a statutory trust to the benefit of Plaintiff pursuant to the Perishable Agricultural

5   Commodities Act ("PACA"), 7 U.S.C. § 499e; (5) Defendants have not disputed the debt in any way but

6   have refused to pay for the produce, (6) Defendants are presently engaged in dissipating the assets they

7   are required to keep in trust under PACA, (7) that Defendants will continue to do so unless restrained by

8   order of this court; (8) that notice of this TRO would cause further dissipation in advance of a court

9   order; and (9) that immediate and irreparable injury, loss, and damage will result to Plaintiff if

10  Defendants are not restrained from distributing claimed proceeds of the PACA trust pending a hearing

11  and determination of Plaintiff's motion for preliminary injunction. Accordingly,

12      IT IS HEREBY ORDERED:

13      1.      Defendants, their customers, agents, escrow agents, officers, subsidiaries, assigns,

14  banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of

15  Santanas Grill Inc., Santanas Cuisine, Inc. Claudia Vallarta, Fresh MXN, LLC, HC Restaurant

16  Holdings, LLC, JPL Mexican Restaurant Holdings, LLC, FR Restaurant Holdings, LLC, RPA

17  Restaurant Holdings, LLC, ASB Restaurant Holdings, LLC, Abal 719, LLC, and Abal 1480, LLC, or

18  their subsidiaries or related companies except for payment to Plaintiff until further order of this Court or

19  until Defendants pay Plaintiff the sum of $ 64,990.13, plus interest and reasonable attorney fees, by

20  cashiers check or certified check at which time this Order is dissolved.

21      2.      This Order shall be binding upon the parties to this action and all other persons or entities

22  who receive actual notice of this Order by personal service or otherwise.

23      3.      The $64,990.13 in PACA trust assets belonging to Plaintiff and in the possession of

24  Defendants will serve as Plaintiff's security for this injunction as required by Federal Rule of Civil

25  Procedure 65(c).

26      4.      Plaintiff shall forthwith serve Defendants with a copy of this Order along with a copy of

27  the motion for temporary restraining order.

28

1    IT IS FURTHER ORDERED that Plaintiff shall serve the complaint, along with a motion for

2  preliminary injunction and any supporting documentation, on Defendants no later than *Friday, June 8*,

3  2012; Defendants shall file any opposition to Plaintiff's motion for preliminary injunction motion no

4  later than Thursday, June 14, 2012.

5    The parties are ORDERED to appear before the Honorable Irma E. Gonzalez in Courtroom 1,

6  4th floor, United States District Courthouse, located at 940 Front Street, San Diego, CA 92101, on

7  *Tuesday, June 19, 2012, at 10:30 a.m.* and  show cause why they should not be enjoined and restrained

8  from distributing PACA trust assets as set forth in the temporary restraining order pending the final

9  hearing and determination of this action.

10    **IT IS SO ORDERED**.

11  **DATED:  June 6, 2012**

12    _____
     **IRMA E. GONZALEZ, Chief Judge**

13   **United States District Court**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28